# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| ABRAHAM A. AUGUSTIN, ) | |
| ) | Case Nos. 1:19-cv-328, 1:15-cv-237, |
| *Petitioner*, ) | 1:09-cr-187 |
| ) | |
| v. ) | Judge Travis R. McDonough |
| ) | |
| UNITED STATES OF AMERICA, ) | Magistrate Judge Susan K. Lee |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner's second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 245, in Case No. 1:09-cr-187). The Government has responded and agrees that Petitioner is eligible for relief. (See Doc. 5, at 1, in Case No. 1:19-cv-328.) For the following reasons, Petitioner's motion will be **GRANTED**.

**I.     BACKGROUND**

On October 20, 2010, a federal jury convicted Petitioner of one count of kidnapping, in violation of 18 U.S.C. § 1201; one count of using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); one count of knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1); one count of using the mail with intent to commit murder for hire, in violation of 18 U.S.C. § 1958; and three counts of attempting to hire a person to kill another with the intent to prevent his or her testimony at trial, in violation of 18 U.S.C. § 1512(a)(1)(A). (*See* Docs. 89, 113, in Case No. 1:09-cr-187.) United States District Judge Curtis L. Collier sentenced Petitioner to a total term of 500 months' imprisonment. (Doc. 113, at 3, in Case No. 1:09-cr-187.) This 500-month sentence included a

120-month sentence on Petitioner's § 924(c) conviction, which was ordered to be served consecutively to his collective 380-month sentence on the other counts. (*Id.*) Petitioner appealed his convictions and his sentence, but the United States Court of Appeals for the Sixth Circuit affirmed. *See United States v. Dais*, 559 F. App'x 438, 450 (6th Cir. 2014).

On September 15, 2015, Petitioner filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel (Doc. 141, in Case No. 1:09-cr-187). This Court denied that petition and declined to issue a certificate of appealability (Doc. 211, in Case No. 1:09-cr-187), and the Sixth Circuit subsequently denied his application for a certificate of appealability (Doc. 227, in Case No. 1:09-cr-187).

On November 13, 2019, the Sixth Circuit granted Petitioner authorization to file a second § 2255 petition challenging his § 924(c) conviction in light of the Supreme Court decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] (*See* Doc. 244, at 4, in Case No. 1:09-cr-187.) Although Petitioner mistakenly purported to base his second § 2255 petition on the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (*see* Doc. 245, at 7, in Case No. 1:09-cr-187), the Government conceded and the Sixth Circuit agreed that, while *Dimaya* did not support Petitioner's claims for relief, *Davis* did support his challenge to his § 924(c) conviction (Doc. 244, at 4, in Case No. 1:09-cr-187).

II. **STANDARD OF REVIEW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*,

---

[1] Though Petitioner sought to raise several claims in a second § 2255 petition, the Sixth Circuit only authorized a second petition based on the challenge to his § 924(c) conviction. (*See* Doc. 244, at 3–4, in Case No. 1:09-cr-187.)

471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). If the court finds that the sentence imposed was not authorized by law, it must vacate and set aside the judgment and discharge the prisoner, resentence him, grant him a new trial, or correct the sentence. 28 U.S.C. § 2255(b).

**III. ANALYSIS**

Petitioner now argues that his conviction under 18 U.S.C. § 924(c)(1)(A) for using and carrying a firearm in relation to a crime of violence must be vacated because his kidnapping conviction no longer qualifies as a "crime of violence" for the purposes of § 924(c). (Doc. 1, at 6–7, in Case No. 1:19-cv-328.)

Section 924(c)(1)(A) imposes mandatory-minimum penalties on any person who "uses or carries a firearm" during and in relation to a "crime of violence" or "drug trafficking crime" or "possesses a firearm" in furtherance of such a crime. *See* 18 U.S.C. § 924(c)(1)(A). This is true even if the underlying crime of violence or drug trafficking crime already carries "an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." *See id.* The statute imposes a mandatory-minimum sentence of five years' imprisonment for anyone who violates § 924(c)(1)(A); however, the mandatory minimum is raised to seven years if the firearm is "brandished" and ten years if it is "discharged."[2] *Id.*

---

[2] Petitioner was subject to a mandatory-minimum sentence of ten years' imprisonment on his § 924(c) conviction because the Court determined at sentencing that Petitioner had discharged the related weapon. (*See* Doc. 124, at 4–5, 7–8, 10, in Case No. 1:09-cr-187; Doc. 113, at 3, in Case No. 1:09-cr-187.)

3

> For the purposes of § 924(c), a "crime of violence" is a felony offense that either
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) of this definition is referred to as the "elements" clause, and subsection (B) is more commonly known as the "residual" clause. *See Davis*, 139 S. Ct. at 2323. In *Davis*, the Supreme Court of the United States held that the residual clause is unconstitutionally vague. *Id.* at 2336. Accordingly, any "crime of violence" supporting a conviction under § 924(c)(1)(A) must qualify as such under the elements clause.

In Petitioner's case, the felony offense underlying his § 924(c) conviction was his simultaneous conviction for kidnapping in violation of 18 U.S.C. § 1201. (*See, e.g.*, Doc. 120, at 6–7, in Case No. 1:09-cr-187.) The statute on which Petitioner's kidnapping conviction was based states that a person commits the offense if he or she "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person" when

> (1) the person is willfully transported in interstate or foreign commerce, . . . or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; [or]
>
> (2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States[.]

18 U.S.C. §§ 1201(a)(1)–(2). Petitioner argues, and the Government agrees, that Petitioner's federal kidnapping conviction only qualified as a crime of violence for the purposes of § 924(c) based on the now-unconstitutional residual clause. (*See* Doc. 1, at 6–7, in Case No. 1:19-cv-328; Doc. 5, at 6, in Case No. 1:19-cv-328.) Because Petitioner's kidnapping conviction no longer

4

qualifies as a crime of violence, his § 924(c) conviction and sentence must be vacated. *See Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019) (vacating a § 924(c) conviction for using a firearm during a kidnapping under *Davis*).

The only remaining consideration for the Court is the remedy to grant in connection with the grant of Petitioner's second § 2255 petition. As previously stated, once a court vacates and sets aside a judgment, it shall either (1) discharge the prisoner, (2) resentence him, (3) grant him a new trial, or (4) correct the sentence, "as may appear appropriate." 21 U.S.C. § 2255(b). "Section 2255 gives district judges wide berth in choosing the proper scope of post-2255 proceedings." *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013) (citations and internal quotation marks omitted). Thus, while a district court "has the authority to resentence a defendant who has secured reversal of a § 924(c) conviction under § 2255," it may correct an improper sentence without holding a resentencing hearing, when appropriate. *Id.* at 634; *see also United States v. Nichols*, 897 F.3d 729, 738 (6th Cir. 2018) (holding that "a court imposing a corrected sentence [has] discretion to impose a corrected sentenced based on a brief order, a hearing that resembles a *de novo* sentencing proceeding, or anything in between," as long as the corrected sentence is substantively and procedurally reasonable).

In this case, the Court finds that correcting Petitioner's sentence without a resentencing hearing is appropriate. Though the Government contends that, in absence of the § 924(c) conviction, Petitioner's offense level for his kidnapping conviction (for which he received the most significant sentence) could have been enhanced an additional two levels for the presence of a firearm, the Government concedes that the additional two levels would not impact the guidelines range for the kidnapping offense. (*See* Doc. 5, at 7–8, in Case No. 1:19-cv-328 (explaining that the applicable guidelines range is 360 months to life, with or without the firearm

5

enhancement).) Because vacating Petitioner's § 924(c) conviction and sentence will not impact the sentences he received on the other counts, the Court will correct his overall sentencing without modifying or holding a hearing on the sentences on the other counts.[3]

## IV. CONCLUSION

For the reasons stated herein:

1. Petitioner's second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 245, in Case No. 1:09-cr-187) is **GRANTED**;

2. Petitioner's conviction and sentence on Count Two of the Superseding Indictment for using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) are **VACATED**;

3. Petitioner's sentence will be **REDUCED** by 120 months to reflect a total term of 380 months' imprisonment on the remaining counts of conviction;[4]

4. Petitioner's special assessment will be **REDUCED** to $ 700.00;

5. The judgment dated March 13, 2017 (Doc. 47) will be **AMENDED** to reflect this reduced sentence; and

6. Petitioner's motion to appoint counsel (Doc. 4, in Case No. 1:19-cv-328) is **DENIED AS MOOT**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[3] Moreover, because the Court finds that a resentencing hearing is not necessary, it will **DENY** Petitioner's motion to appoint counsel (Doc. 4, in Case No. 1:19-cv-328) **AS MOOT**, as Petitioner requests counsel primarily with regard to the present § 2255 petition and a potential resentencing hearing (*see id.* at 1–2).

[4] This term consists of 380 months on Count One, 120 months on each of Counts Five and Seven, 360 months on each of Counts Eight, Nine, and Ten, and 240 months on Count Eleven, to be served concurrently. (*See* Doc. 113, at 3, in Case No. 1:09-cr-187.)